UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TIMOTHY R. HINCHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00324-HAB-SLC |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion to compel (ECF 22), together with a Local Rule 37-1 certification (ECF 23), filed by Plaintiff Timothy R. Hinchman on June 19, 2020, asking that the Court compel Defendant General Motors, LLC ("GM"), to fully respond to his First Set of Interrogatories and Request for Production.  GM filed a response in opposition to the motion on July 6, 2020, asserting that Hinchman filed the motion without first conferring in good faith with GM in an effort to resolve the matter without Court action.  (ECF 24).  Hinchman has not filed a reply, and the time for him to do so has now passed.  N.D. Ind. L.R. 7-1(d)(3)(B).

As background, on July 23, 2019, Hinchman filed this employment discrimination case against GM, his former employer, alleging that GM wrongfully terminated his employment.  (ECF 1).  At a preliminary pretrial conference on September 18, 2019, the Court set a discovery deadline of June 5, 2020, which was later extended to October 10, 2020.  (ECF 16, 20, 21).  On September 30, 2019, Hinchman served GM with his First Set of Interrogatories and Request for Production, and after several agreed extensions, GM sent its discovery responses to Hinchman on February 14, 2020.  (ECF 22 at 2).

Local Rule 37-1 provides:

> A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include: (1) the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference.

N.D. Ind. L.R. 37-1(a); *see also* Fed. R. Civ. P. 37(1) (requiring a party moving for an order compelling discovery to confer in good faith or attempt to confer with the non-moving party in an effort to obtain the discovery without court action). Here, Hinchman represents in its Local Rule 37-1 certification that his counsel "conferred in good faith with [GM's counsel] on Thursday, June 18, 2020 . . . by telephone in an effort to resolve the matters raised [in the instant motion] without Court action." (ECF 23).

GM disputes Hinchman's representations in the Local Rule 37-1 certification. GM states that at the June 18th conference, Hinchman's counsel did not specifically address any substantive concerns about GM's discovery responses to his First Set of Interrogatories and Request for Production, and thus, no meaningful discussion pertaining to GM's discovery responses occurred. (ECF 24 at 1). GM further states that at the conference its counsel conveyed that GM would be providing additional responsive documents by June 26, 2020, and Hinchman's counsel responded that he would notify GM's counsel before filing any motion to compel. (*Id.* at 1-2). Yet, the next day, Hinchman filed the instant motion to compel without any prior notice to GM's counsel. (*Id.* at 2). As such, GM argues that the motion to compel should be denied based on Hinchman's failure to confer in good faith as required by Federal Rule 37 and Local Rule 37-1.

"[S]everal correspondences may fail to meet Rule 37's standard if the court determines that the correspondences were not genuine two-way communications involving a meaningful

2

dialogue." *Lewis v. Saint Margaret Mercy*, No. 2:11 CV 313, 2013 WL 214239, at *3 (N.D. Ind. Jan. 17, 2013) (citation omitted). "The communication specifically must address the conflict and appear to involve meaningful negotiations." *Id*. (citation omitted); *see Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-00376, 2011 WL 4005346, at *5 (N.D. Ind. Sept. 8, 2011) ("Such a dialogue occurs when the parties engage in bartering or negotiations rather than merely reciting their general stances on the issues." (citation omitted)); *Shoppell v. Schrader*, No. 1:08-CV-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference).

Notably, Hinchman did not file a reply to GM's arguments, leaving GM's report of the June 18th conference the last word on the matter. Consequently, on this record, the Court finds that Hinchman failed to adequately satisfy Federal Rule 37's and Local Rule 37-1's requirement that his attorney first confer in good faith with GM's attorney in an effort to resolve the matter without Court action. Rather, the day after the June 18th telephone conference, Hinchman filed the instant motion to compel despite: (1) his attorney's purported failure to discuss at the conference the specific discovery deficiencies at issue in this motion; (2) GM's attorney's purported representation at the conference that she would send additional responsive documents to Hinchman's attorney on or about June 26, 2020; and (3) Hinchman's attorney's purported representation at the conference that he would notify GM's counsel prior to filing any motion to compel.

"The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-

JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).  "The requirement to meet-and-confer must be taken seriously, because [b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Garcia v. Aartman Transp. Corp.*, No. 4:08 cv 77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (alteration in original) (citation and internal quotation marks omitted).

Therefore, because there is insufficient evidence that the parties met and conferred in good faith prior to filing the motion to compel, Hinchman's motion to compel (ECF 22) is DENIED without prejudice.

SO ORDERED.

Entered this 23rd day of July 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge